Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and Putative Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT LEWIS, JR., individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>BLUE BULLDOG, INC.,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

1. Robert Lewis, Jr. ("Plaintiff") brings this class action against Blue Bulldog, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to

residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Fulton County, Georgia.

4. Defendant is a corporation that is headquartered in Los Angeles, California.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over the Defendant and venue is proper because Defendant resides in this District.

## PLAINTIFF'S ALLEGATIONS

7. Plaintiff is, and since October 2024 has been, the regular and sole user of his cellular telephone number—(XXX) XXX-4154.

8. Plaintiff uses, and since October 2024 has used, telephone number (XXX) XXX-4154 as his personal residential telephone number.

9. Plaintiff does not use, and at no time since October 2024 used, telephone number (XXX) XXX-4154 for business or commercial purposes.

10. Plaintiff registered telephone number (XXX) XXX-4154 with the DNC Registry on November 21, 2024.

11. In April 2025, Defendant delivered, or caused to be delivered, at least four text messages to telephone number (XXX) XXX-4154.

12. Defendant sent two text messages to Plaintiff on April 24, 2025 and one text message on April 25, 2025 from telephone number (206) 259-9631.

13. Defendant then sent another text message to Plaintiff on April 25, 2025 from telephone number (206) 259-9541.

14. Screenshots of the text messages are shown below:


4:28
+1 (206) 259-9631
Text Message
Yesterday 9:50 AM
GRIE: These grants, for 4044354154 doesnt need to be paid back https://my.grantsinedu.com/cau3dgy STOP to Opt Out
GRIE: Your grants will be reassigned to a different family in need if you do not accept it https://my.grantsinedu.com/cau3dgx STOP to Opt Out
Today 3:22 PM
GRIE: These grants, for 4044354154 doesnt need to be paid back https://my.grantsinedu.com/caujj71 STOP to Opt Out
The sender is not in your contact list.
Report Junk
Text Message


4:32
+1 (206) 259-9541
Text Message
Today 4:32 PM
GRIE: Your grants will be reassigned to a different family in need if you do not accept it https://my.grantsinedu.com/caujj70 STOP to Opt Out
The sender is not in your contact list.
Report Junk
Text Message
I
The
I'm
space
return
123

15. Defendant delivered, or caused to be delivered, the subject text messages to telephone number (XXX) XXX-4154 thirty-one or more days after Plaintiff registered telephone number (XXX) XXX-4154 with the DNC Registry.

16. The subject text messages were intended for someone other than, and unknown to, Plaintiff.

17. The purpose of the subject text messages was to advertise and market Defendant's business, services, goods, and promotions.

18. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (XXX) XXX-4154.

19. Plaintiff did not request information or promotional materials from Defendant.

20. Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

21. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (XXX) XXX-4154 was registered with the DNC Registry on and after November 21, 2024.

## CLASS ALLEGATIONS

22. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

23. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty-one days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

24. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

25. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

26. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

27. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a. Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

b. Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty-one days;

c. Defendant's violations of the TCPA; and

d. The availability of statutory penalties.

29. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

30. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227
## (On Behalf of Plaintiff and the National DNC Class)

31. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

32. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

*33.* A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569

F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

34. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

35. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

36. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

37. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective residential telephone numbers with the

DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

38. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period, at least thirty-one days after Plaintiff and class members registered their telephone numbers on the DNC Registry, in violation of 47 C.F.R. § 64.1200.

39. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E. Attorneys' fees and costs, as permitted by law; and

F. Such other or further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 19th day of March, 2026.

*/s/ Rachel Kaufman*
Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and Putative Class*